UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

March 31, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Melissa F. v. Leland Dudek, Acting Commissioner, Social Security Administration*[1]
      Civil No. 24-0802-CDA

Dear Counsel:

On March 18, 2024, Plaintiff Melissa F. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 11, 13, 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.    **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on March 19, 2020, alleging a disability onset of July 13, 2018. Tr. 124-25, 133-34. Plaintiff's claims were denied initially and on reconsideration. Tr. 143, 145, 192-95. On March 8, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 109-23. Due to technical difficulties with the recording of that hearing, Tr. 76, the ALJ held a second hearing on August 31, 2022, Tr. 74-108. After the second hearing was postponed for additional evidence, Tr. 107, the ALJ held a supplemental hearing on January 4, 2023, Tr. 45-73. Following the third hearing, on January 24, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 24-39. The Appeals Council denied Plaintiff's request for review, Tr. 1-4, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security on March 18, 2024. ECF 1. Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Accordingly, Commissioner Dudek has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Melissa F. v. Dudek*
Civil No. 24-0802-CDA
March 31, 2025
Page 2

07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.   THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since July 13, 2018, the alleged onset date." Tr. 29. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "obesity; osteoarthritis in bilateral knees; spondylosis and degenerative disc disease; and lymphedema." Tr. 30. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "depression, personality disorder, and learning disability in reading and math[.]" *Id.* At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 31. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can occasionally lift and carry 10 pounds; frequently lift and carry less than 10 pounds; stand and walk for two hours in an 8-hour day; and sit for 6 hours in an 8-hour day. She can perform work that occasionally requires balancing, stooping, kneeling, crouching, crawling, and climbing (except never requires the use of ladders, ropes, and scaffolds). She needs to avoid all hazards.

Tr. 32. The ALJ determined that Plaintiff was unable to perform past relevant work as a housekeeper (DOT[3] #323.687-014) and laundry attendant (DOT #361.684-014) but could perform other jobs that existed in significant numbers in the national economy. Tr. 37-38. Therefore, the

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Melissa F. v. Dudek*
Civil No. 24-0802-CDA
March 31, 2025
Page 3

ALJ concluded that Plaintiff was not disabled. Tr. 38.

### III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff raises one argument on appeal: that the ALJ did not afford proper weight to the opinion of Dr. Ahmed. ECF 11, at 7-13; ECF 16, at 1-2. Defendant counters that substantial evidence supports the ALJ's findings, including their evaluation of the persuasiveness of Dr. Ahmed's medical opinion. ECF 13, at 6-10.

For claims filed after March 27, 2017, an ALJ "must follow certain procedures when assessing the weight to which medical opinions are entitled." *Adrianna S. v. Comm'r of Soc. Sec.*, No. SAG-20-3136, 2022 WL 112034, at *1 (D. Md. Jan. 12, 2022) (citing 20 C.F.R. §§ 404.1520c, 416.920c). Specifically, the ALJ must "articulate . . . how persuasive [the ALJ] finds each medical opinion." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 416.920c(b)). "Supportability and consistency are the most important factors when considering the persuasiveness of medical opinions." *Id.* (citing 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2)). Thus, the ALJ must "explain how [they] considered [these] factors" when assessing a medical opinion. *Id.* "Supportability generally refers to 'the objective medical evidence and supporting explanations provided by a medical source.'" *Id.* (quoting 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1)). In assessing consistency, the ALJ considers the degree of cohesion between the medical opinion and "the evidence from other medical sources and nonmedical sources in the claim." *Id.* (quoting 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2)).

The ALJ considered the February 10, 2022 medical opinion of Dr. Ahmed, Plaintiff's treating physician, who opined, among other things, that Plaintiff is "incapable" of performing "even 'low stress' jobs"; can sit for 20 minutes at one time and for about two hours total in an 8-hour workday; stand for 5 minutes at one time; and stand/walk for less than two hours in an 8-hour workday. Tr. 627-28. Dr. Ahmed also opined that Plaintiff would need an option to alternate between sitting, standing, and walking during an 8-hour workday. Tr. 628. Dr. Ahmed noted that Plaintiff would need to take unscheduled breaks of about one minute in length every 20 minutes

*Melissa F. v. Dudek*
Civil No. 24-0802-CDA
March 31, 2025
Page 4

during an 8-hour workday.  *Id.*  With respect to leg elevation, Dr. Ahmed opined that Plaintiff should elevate her legs above her hips with prolonged sitting for 90% of an 8-hour workday.  *Id.*  Dr. Ahmed further concluded that Plaintiff could occasionally lift and carry 20 pounds; never lift and carry 50 pounds; and never climb ladders or stairs.  Tr. 628-29.

The ALJ found Dr. Ahmed's opinion "to be non[-]persuasive."  Tr. 36.  The ALJ "agree[d] with Dr. Ahmed's opinion to the extent that it supports a sedentary residual functional capacity"; however, the ALJ did "not agree" with Dr. Ahmed's finding that Plaintiff "needs to elevate her legs while sitting."  Tr. 37.  In finding Dr. Ahmed's opinion non-persuasive, the ALJ noted that imaging studies "show moderate degenerative disc disease and grade 1-2 spondylosis[,]" and that left knee imaging studies "show only mild to moderate osteoarthritis."  *Id.*  The ALJ further noted "that the evidence of record noting a requirement to elevate her legs while sitting only applies when [Plaintiff] is at home and recommends [Plaintiff] should use compression socks or wraps while on her feet."  *Id.* (citing Ex. 8F).  The ALJ concluded "that this recommendation is the only one in the record and was made as a result of an emergency room visit for a number of different complaints."  *Id.*

The Court finds that the ALJ improperly evaluated Dr. Ahmed's opinion.  As an initial matter, the ALJ appears to have assessed the persuasiveness of Dr. Ahmed's opinion, at least in part, based on its consistency with the RFC.  Rather than determining whether an opinion is consistent with the RFC, an ALJ must determine whether the opinion is consistent with "the evidence from other medical sources and nonmedical sources in the claim."  *Adrianna S.*, 2022 WL 112034, at *1 (quoting 20 C.F.R. § 404.1520c(c)(2)).  Here, the ALJ contravened that rule by finding Dr. Ahmed's opinion to be consistent with a predetermined RFC.  *See* Tr. 37 (agreeing "with Dr. Ahmed's opinion to the extent that it supports a sedentary residual functional capacity"). This "suggests that [the ALJ] first determined" Plaintiff's RFC and then "weigh[ed] . . . medical opinions coinciding with [their] predetermined finding."  *Snyder v. Colvin*, No. 13-CV-585, 2014 WL 3107962, at *6 (N.D.N.Y. July 8, 2014) (determining that an ALJ "put the cart before the horse" by finding a medical opinion consistent with the RFC, as the RFC "is determined *after* and *in light of* credible medical evidence, not *before*") (emphasis in original); *see Melissa O. v. Kijakazi*, No. CV 23-211-CDA, 2023 WL 7386773, at *3-4 (D. Md. Nov. 8, 2023) (remanding where the ALJ found a medical opinion "persuasive to the extent it supports [plaintiff's] residual functional capacity.") (brackets in original).

Plaintiff contends that the ALJ failed to "acknowledge that the emergency room visit contained discharge instructions directing Plaintiff to follow-up with her primary care doctor regarding the combination of her impairments following the emergency room visit."  ECF 11, at 10.  Specifically, Plaintiff asserts that the ALJ "misconstrued" her discharge instructions "to assume that her need for leg elevation would not also need to occur if she were placed in a work environment[,]" arguing that Dr. Ahmed's opinion "is also more specific than the discharge instructions from a work perspective[.]"  *Id.*, at 11.  Plaintiff argues that the ALJ never analyzed the "consistency between the emergency room visit discharge instructions and Dr. Ahmed's opinion as it relates to leg elevation."  *Id.*, at 12.  Plaintiff further asserts that the vocational expert's testimony regarding leg elevation warranted the ALJ providing "the necessary narrative discussion

within his RFC discussion as to why he rejected this critical portion of Dr. Ahmed's opinion regarding leg elevation." *Id.*, at 9.

When evaluating the consistency of Dr. Ahmed's opinion, the ALJ cited to objective evidence of imaging studies. Tr. 37. However, the ALJ's failure to properly analyze the consistency of the emergency visit record with Dr. Ahmed's opinion warrants remand. Here, the ALJ acknowledged the emergency visit record recommending leg elevation yet dismissed this recommendation as "only appl[ying] when [Plaintiff] is at home and recommend[ing] the [Plaintiff] should use compression socks or wraps while on her feet," noting "that this recommendation i[s] the only one in the record and was made as a result of an emergency room visit for a number of different complaints." *See id.* A careful review of the objective evidence reflects that the emergency visit record notes that "[w]hen [Plaintiff is] home please elevate your legs above the level of your heart to reduce swelling[,]" and to "[w]ear compression stockings or compression wraps to your legs while you are up on your feet." Tr. 553.

As Plaintiff posits, it is unclear why the emergency visit record's leg elevation recommendation is inconsistent with Dr. Ahmed's opinion, in which Dr. Ahmed opined that Plaintiff needs to elevate her legs during the workday. It is further unclear how the ALJ distinguished between Plaintiff's apparent need for leg elevation at home but not at work. It is not apparent from the ALJ's decision how the ALJ determined that Plaintiff could work the duration of an 8-hour workday without requiring any time to elevate her legs. As such, because the ALJ's finding is not based on "evidence which a reasoning mind would accept as sufficient," it is not supported by substantial evidence. *Laws*, 368 F.2d at 642.

The ALJ's errors are not harmless. Had the ALJ appropriately considered the consistency of Dr. Ahmed's opinion, they may have come to a different determination of the weight that opinion should be given. This revised weight could have, in turn, altered Plaintiff's RFC, and potentially impacted the determination of whether Plaintiff is disabled. For example, during the hearings on August 31, 2022 and January 4, 2023, the vocational expert testified that a hypothetical employee would be unable to sustain sedentary work if she had to elevate her legs "to the waist or higher" while sitting down, Tr. 106, or if "she ha[d] to raise her leg at heart level or higher," Tr. 71. The vocational expert further testified that leg elevation is work-preclusive at the sedentary level, regardless of how much time a hypothetical employee needs to elevate their legs, "even if it's five to 10 minutes[.]" Tr. 106. Plaintiff testified that she "spend[s] [her] typical day in [her] bedroom with [her] legs propped up," due to swelling in her legs, Tr. 51, and that Dr. Ahmed advised Plaintiff to elevate her legs "like on the bed like in the hospital," Tr. 53. As such, the vocational expert's testimony considered in conjunction with Dr. Ahmed's opinion would preclude Plaintiff from all work at step five if this aspect of Dr. Ahmed's opinion is deemed persuasive. Therefore, remand is necessary so that the ALJ can provide an analysis of Dr. Ahmed's opinion that fully comports with 20 C.F.R. § 404.1520c.

Of note, after the ALJ's decision, Plaintiff submitted new evidence to the Appeals Council in the form of a May 31, 2023 letter by Dr. Ahmed. ECF 11, at 12-13; *see* Tr. 15-16. Defendant counters that Plaintiff failed to show good cause as to why she did not timely submit her additional

evidence until after the ALJ's decision. ECF 13, at 9-10. Dr. Ahmed's letter noted that "it is not only [her] opinion that [Plaintiff] should elevate her legs above her hips while sitting, it is [Plaintiff's] prescribed treatment." Tr. 15. Dr. Ahmed stated that Plaintiff "has been elevating her legs as instructed," and that [w]hen she is seated, gravity pulls fluid further down into the legs and prevents its return into the blood vessels, flooding her tissues with unnecessary weight and loading the muscles." Tr. 16. The Appeals Council, in denying Plaintiff's request for review of the ALJ's decision, noted that it "did not exhibit" Dr. Ahmed's May 31, 2023 letter because it found "this evidence d[id] not show a reasonable probability that it would change the outcome of the [ALJ's] decision." Tr. 1-2.

The Appeals Council must review additional evidence if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins v. Sec'y, Dept. of Health & Human Servs.*, 953 F.2d 93, 95-96 (4th Cir. 1991). Evidence is "new" if "it is not duplicative or cumulative." *Id.* at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* Social Security regulations, however, "[do] not require the Appeals Council to do anything more than what it did in this case, *i.e.*, consider new and material evidence . . . in deciding whether to grant review." *Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011) (internal quotation marks omitted). The Appeals Council is not required to take any specific action in response to new and material evidence and is not required to provide a detailed explanation of its evaluation. *Id.*

"Where . . . [plaintiff] submitted new evidence to the Appeals Council after the ALJ already issued a decision, we review the entire record—including that new evidence—to determine whether the ALJ's decision is based on substantial evidence." *Wiebusch v. Comm'r, Soc. Sec. Admin.*, No. 20-1590, 2022 WL 2965653, at *3 (4th Cir. July 27, 2022) (citing *Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011)). Moreover, "when consideration of the record as a whole revealed that new evidence from a treating physician was not controverted by other evidence in the record, we have reversed the ALJ's decision and held that the ALJ's denial of benefits was 'not supported by substantial evidence.'" *Meyer*, 662 F.3d at 707 (quoting *Wilkins v. Sec'y, Dep't of Health & Hum. Servs.*, 953 F.2d 93, 96 (4th Cir. 1991)).

To be sure, Plaintiff does not argue that the case should be remanded based on the Appeals Council's denial of Plaintiff's request for review or assign any error to the Appeals Council's explanation of its evaluation of Dr. Ahmed's May 31, 2023 letter. Plaintiff also does not seek remand based on new evidence pursuant to sentence six of 42 U.S.C. § 405(g). Instead, Plaintiff merely asserts that Dr. Ahmed's May 31, 2023 letter "provides clarity regarding Plaintiff's need to elevate her legs while sitting." ECF 11, at 13.

Because the case is being remanded based on the ALJ's improper evaluation of Dr. Ahmed's opinion, the ALJ will have the opportunity to review all the evidence, including the evidence submitted to the Appeals Council. As such, because the Court finds that the ALJ improperly evaluated Dr. Ahmed's opinion warranting remand, regardless of the new evidence of Dr. Ahmed's May 31, 2023 letter, the Court declines to evaluate whether Dr. Ahmed's May 31, 2023 letter would have provided a reasonable probability of a different outcome to the ALJ's

decision.  *See Adkins v. Astrue*, No. PWG-10-887, 2012 WL 458796, at *3 (D. Md. Feb. 10, 2012) (declining to reach plaintiff's arguments as to evidence submitted to the Appeals Council after the ALJ's decision because the case was "remanded on other grounds, and the ALJ will now have the opportunity to review all the evidence, including the evidence that was accepted and incorporated into the record by the Appeals Council.").  In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.     **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.


Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge